IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  13-cv-01117-MSK-BNB

JOHN McNAMARA,

Plaintiff,

v.

GEORGE BRAUCHLER,
CHRISTOPHER OPFER,
FRANCINE GONZALEZ,
MITCHELL MORRISEY,
C. STEPHEN HOOPER,
JOHN GLEASON,
WILLIAM ROBERT LUCERO,
APRIL McMURREY,
MONICA GOMEZ, and
LAWRENCE BOWLING,

Defendants,

_____

**ORDER**
_____

This matter is before me the plaintiff's Complaint [Doc. #1, filed 4/25/2013].  The

Complaint is STRICKEN, and the plaintiff is directed to tender a proposed amended complaint

that complies with this order.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of

the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought . . . ."  Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain

statement of the claim showing that the pleader is entitled to relief on any legally sustainable

grounds."  Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952).  "[T]o state a claim in federal

court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*. *Complaint*, p. 1. However, he is a lawyer licensed to practice in the State of Colorado. Id. at ¶ 9. Consequently, although technically a "pro se litigant," he is not entitled to a liberal construction of his pleadings. Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001).

The plaintiff's Complaint suffers from many deficiencies. The Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.

The Complaint is a 169 page diatribe against the legal system. It includes inappropriate legal and factual arguments, conclusory allegations of wrongdoing, irrelevant and immaterial statements, and *ad hominem* attacks against the defendants and others. The Complaint does not contain a short and plain statement of the grounds for the court's jurisdiction or a demand for the relief sought. Nor does it clearly delineate any causes of action.

The plaintiff concedes that "[n]o current wrongdoing is alleged on the part of" defendants George Brauchler and Mitchell Morrissey.  Instead, he has named them as defendants "to request that [they] file the criminal charges outlined in this lawsuit."  The plaintiff must state a proper cause of action against each named defendant; he may not name a defendant merely to advance a personal agenda.

Despite 749 paragraphs of allegations, the plaintiff does not clearly state his claims; the legal bases for his claims; the actions or inactions of each defendant; and how those actions or inactions violate the law.  The Complaint utterly fails to provide notice of the plaintiff's causes of action as required by Rule 8.  Accordingly, the Complaint is stricken, and the plaintiff shall tender a proposed amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The proposed amended complaint must be submitted on the court's form and shall be titled "Amended Complaint."  The defendants shall be clearly identified.  The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page.  Each claim shall be numbered and shall be stated separately.  Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants.  Each claim shall not exceed two typewritten pages, double-spaced.  The proposed amended complaint shall not contain argument, conclusory allegations, irrelevant or immaterial statements, or *ad hominem* attacks against the defendants or others.

IT IS ORDERED:

1.  The Complaint [Doc. # 1] is STRICKEN for failure to comply with Fed. R. Civ. P. 8;

and D.C.COLO.LCivR 8.1A;

2.   The plaintiff shall have until **May 28, 2013**, to tender a proposed amended complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and this order;

3.   The proposed amended complaint shall not contain argument (legal or factual), conclusory allegations, irrelevant or immaterial statements, or *ad hominem* attacks against the defendants or others.

4.   The plaintiff's failure to comply with this order may result in a recommendation that the plaintiff's case be dismissed; and

5.   The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated May 8, 2013.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge