IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01117-MSK-BNB

JOHN McNAMARA,

Plaintiff,

v.

GEORGE BRAUCHLER,
CHRISTOPHER OPFER,
FRANCINE GONZALEZ,
MITCHELL MORRISEY,
C. STEPHEN HOOPER,
JOHN GLEASON,
WILLIAM ROBERT LUCERO,
APRIL McMURREY,
MONICA GOMEZ, and
LAWRENCE BOWLING,

Defendants,
_____

**ORDER**
_____

This matter is before me on **Plaintiff's Fed.R.Civ.P. 60(b) Motion for Relief from Magistrate's Order Dated 5/8/13** [Doc. #14, filed 06/03/2013] (the "Motion"). The Motion is DENIED.

The plaintiff filed his Complaint on April 25, 2013 [Doc. #1]. Because the Complaint suffers from many deficiencies, I struck it and ordered the plaintiff to tender a proposed amended complaint that complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and my order [Doc. #7]. Specifically, I stated:

> The Complaint is a 169 page diatribe against the legal system. It
> includes inappropriate legal and factual arguments, conclusory
> allegations of wrongdoing, irrelevant and immaterial statements,

>and *ad hominem* attacks against the defendants and others.  The
>Complaint does not contain a short and plain statement of the
>grounds for the court's jurisdiction or a demand for the relief
>sought.  Nor does it clearly delineate any causes of action.
>
>The plaintiff concedes that "[n]o current wrongdoing is alleged on
>the part of" defendants George Brauchler and Mitchell Morrissey.
>Instead, he has named them as defendants "to request that [they]
>file the criminal charges outlined in this lawsuit."  The plaintiff
>must state a proper cause of action against each named defendant;
>he may not name a defendant merely to advance a personal agenda.
>
>Despite 749 paragraphs of allegations, the plaintiff does not clearly
>state his claims; the legal bases for his claims; the actions or
>inactions of each defendant; and how those actions or inactions
>violate the law.  The Complaint utterly fails to provide notice of
>the plaintiff's causes of action as required by Rule 8.  Accordingly,
>the Complaint is stricken, and the plaintiff shall tender a proposed
>amended complaint which complies with the Federal Rules of
>Civil Procedure, the local rules of this court, and this order.
>
>The proposed amended complaint must be submitted on the court's
>form and shall be titled "Amended Complaint."  The defendants
>shall be clearly identified.  The background statement shall briefly
>summarize the plaintiff's case and shall not exceed one double-
>spaced typewritten page.  Each claim shall be numbered and shall
>be stated separately.  Each claim shall state the legal basis for the
>claim; shall identify which defendant(s) the claim is brought
>against; and shall allege facts sufficient to state a claim for relief as
>to each of those defendants.  Each claim shall not exceed two
>typewritten pages, double-spaced.  The proposed amended
>complaint shall not contain argument, conclusory allegations,
>irrelevant or immaterial statements, or *ad hominem* attacks against
>the defendants or others.

In his Motion, the plaintiff implies that I did not have authority to strike his Complaint; accuses me of advocating for the defendants (and defense lawyers in general) and of imposing the above restrictions to make it easier for the defendants to seek dismissal of his claims; and implies that this court owes the state court "favors" and, therefore, would be inclined to rule in favor of the state defendants.

The plaintiff requests that I recuse pursuant to 28 U.S.C. §§ 144 and 455(a)-(b)(1) "to avoid any inevitable thoughts regarding an appearance of impropriety on any close calls in this case, and that the United States District Court request that an out-of-state judge who does not have familiarity with local Colorado personalities from judicial events or prior work experience, be assigned to this case."[1]

The issue of recusal is addressed by two separate statutes. Disqualification of a judge under 28 U.S.C. § 144 requires the following showing:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

The statute does not command automatic disqualification. Hall v. Burkett, 391 F. Supp. 237, 240 (D. Okla. 1975). Rather, it is the duty of the judge against whom the affidavit is filed to pass on its timeliness and legal sufficiency. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978; Hall, 391 F. Supp. at 240. The plaintiff has not submitted a supporting affidavit with his Motion. Therefore, he does not provide a basis upon which I should recuse myself under 28 U.S.C. § 144.

A party may also seek the disqualification of a judge under 28 U.S.C. § 455. Section 455 provides in relevant part:

> (a) Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

---

[1] The Motion appears to be missing a second page containing paragraphs four, five, six, and half of paragraph seven.

> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court. In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification. Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases where §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification . . .: (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment with the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the [parties], or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media . . .; and (7) threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Also applicable here is the holding of the United States Supreme Court in <u>Liteky v. United States</u>, 510 U.S. 540, 555-56 (1994):

> It is enough for present purposes to say the following: First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, these are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

The plaintiff has failed to set forth any reasons to justify my recusal under 28 U.S.C. § 455 or 28 U.S.C. § 144.  A routine order requiring the plaintiff to file a complaint in compliance with the Federal Rules of Civil Procedure and the local rules of this court is not sufficient grounds to require disqualification based on claims of bias or partiality.  <u>Liteky</u>, 510 U.S. at 555.  Moreover, the plaintiff's fanciful and conclusory accusations of conspiratorial animus against him are frivolous.  Stated simply, the plaintiff has presented no facts (nor made any specific allegations) from which a reasonable person could infer or conclude that I am biased or prejudiced against him.  I hold no bias nor enmity against the plaintiff.  Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge.

The plaintiff's Motion is titled as a motion for relief under Rule 60(b).  However, the body of the Motion does not contain any request for relief under Rule 60, nor does it contain any

argument that would justify relief under Rule 60.[2]

IT IS ORDERED that Plaintiff's Fed.R.Civ.P. 60(b) Motion for Relief from Magistrate's Order Dated 5/8/13 [Doc. #14] is DENIED.

Dated June 5, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2]Although the plaintiff is proceeding *pro se*, he is a lawyer licensed to practice in the State of Colorado. Id. at ¶ 9. Consequently, he is not entitled to a liberal construction of his pleadings. Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001).