IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01117-MSK-BNB

JOHN McNAMARA,

Plaintiff,

v.

GEORGE BRAUCHLER,
CHRISTOPHER OPFER,
FRANCINE GONZALEZ,
MITCHELL MORRISEY,
C. STEPHEN HOOPER,
JOHN GLEASON,
WILLIAM ROBERT LUCERO,
APRIL McMURREY,
MONICA GOMEZ, and
LAWRENCE BOWLING,

Defendants,

_____

**ORDER TO SHOW CAUSE**
_____

John McNamara, a lawyer licensed to practice law in Colorado and proceeding here *pro se*, initiated this case by filing a Complaint [Doc. #1, filed 4/25/2013]. On May 8, 2013, I struck the Complaint for failure to comply with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 8.1A., and I directed Mr. McNamara to submit an amended complaint which complies with those rules and my order [Doc. #7]. I stated in part:

> The plaintiff's Complaint suffers from many deficiencies. The Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.
>
> The Complaint is a 169 page diatribe against the legal system. It includes inappropriate legal and factual arguments, conclusory

allegations of wrongdoing, irrelevant and immaterial statements, and *ad hominem* attacks against the defendants and others. The Complaint does not contain a short and plain statement of the grounds for the court's jurisdiction or a demand for the relief sought. Nor does it clearly delineate any causes of action.

The plaintiff concedes that "[n]o current wrongdoing is alleged on the part of" defendants George Brauchler and Mitchell Morrissey. Instead, he has named them as defendants "to request that [they] file the criminal charges outlined in this lawsuit." The plaintiff must state a proper cause of action against each named defendant; he may not name a defendant merely to advance a personal agenda.

Despite 749 paragraphs of allegations, the plaintiff does not clearly state his claims; the legal bases for his claims; the actions or inactions of each defendant; and how those actions or inactions violate the law. The Complaint utterly fails to provide notice of the plaintiff's causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiff shall tender a proposed amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The proposed amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The defendants shall be clearly identified. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. The proposed amended complaint shall not contain argument, conclusory allegations, irrelevant or immaterial statements, or *ad hominem* attacks against the defendants or others.

I warned Mr. McNamara that failure to comply with my order could result in a recommendation that this action be dismissed.

Mr. McNamara tendered his proposed amended complaint on June 5, 2013 [Doc. #19]. The proposed amended complaint fails to comply with Fed. R. Civ. P. 8; D.C.COLO.LCivR

8.1A; and my order.  It is not submitted on the court's form.  Nor does it contain a statement of the grounds for the court's jurisdiction.

In addition, the proposed amended complaint is 132 pages in length.  The background statement is 29 pages in length, and the claims range from 2 to 45 pages in length.  Like the initial Complaint, the proposed amended complaint is verbose and contains inappropriate legal and factual arguments, conclusory allegations of wrongdoing, irrelevant and immaterial statements, and *ad hominem* attacks against the defendants and others.

Despite of my warning that Mr. McNamara may not name a defendant merely to advance a personal agenda, Claim Three of the proposed amended complaint is titled "Request That Defendants Hooper, Mendez/Gonzalez and Casper Be Prosecuted by Defendant Morrisey . . . And That Hooper, Mendez, Opfer and Bowling Also Be Prosecuted by Defendants Brauchler and Morrisey for Conspiring to Issue a False Certificate."  Claim Four is titled "Request That Former District Attorney Carol Chambers and Defendants Opfer Be Investigated/prosecuted by Defendant Brauchler or a Special Persecutor for Intimidating a Witness or Victim."  Claim Five is titled "Request That Deputy D.A. Christopher Opfer Be Prosecuted for First Degree Official Misconduct."  Claim Seven is titled "Claim Against Defendant George Brauchler to Request Criminal Investigation Of, and Prosecution Of, Richard Caschette, Monica Jo Gomez, Sue Hong, and Irma Calzada for Violation of C.R.S. § 10-3-111."

Although proceeding *pro se*, Mr. McNamara is a licensed attorney, and his filings are not entitled to a liberal construction.  Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001).

IT IS ORDERED:

(1)  The proposed amended complaint is not accepted for filing, and

(2)  Mr. McNamara shall show cause, if any there be, in writing and on or before **June 26, 2013**, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and my order regarding the filing of an amended complaint.  Failure to show cause on or before **June 26, 2013**, will result in my recommendation that this case be dismissed with prejudice.

Dated June 12, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge