IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  13-cv-01117-MSK-BNB

JOHN McNAMARA,

Plaintiff,

v.

GEORGE BRAUCHLER,
CHRISTOPHER OPFER,
FRANCINE GONZALEZ,
MITCHELL MORRISEY,
C. STEPHEN HOOPER,
JOHN GLEASON,
WILLIAM ROBERT LUCERO,
APRIL McMURREY,
MONICA GOMEZ, and
LAWRENCE BOWLING,

Defendants,

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

The plaintiff, John McNamara, is a lawyer licensed to practice law in Colorado and is

proceeding here *pro se*.[1]  He initiated this case by filing a Complaint on April 25, 2013 [Doc.

#1].  On May 8, 2013, I struck the Complaint for failure to comply with Fed. R. Civ. P. 8 and

D.C.COLO.LCivR 8.1A., and I directed Mr. McNamara to submit an amended complaint which

complies with those rules and my order.  I stated in part:

> The plaintiff's Complaint suffers from many deficiencies.  The
> Complaint is not submitted on the court's standard complaint form.

_____

[1]Because Mr. McNamara is a licensed attorney, his filings are not entitled to the liberal
construction generally afforded to a *pro se* plaintiff.  <u>Smith v. Plati</u>, 258 F.3d 1167, 1174 (10th
Cir. 2001).

"A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.

The Complaint is a 169 page diatribe against the legal system. It includes inappropriate legal and factual arguments, conclusory allegations of wrongdoing, irrelevant and immaterial statements, and *ad hominem* attacks against the defendants and others. The Complaint does not contain a short and plain statement of the grounds for the court's jurisdiction or a demand for the relief sought. Nor does it clearly delineate any causes of action.

The plaintiff concedes that "[n]o current wrongdoing is alleged on the part of" defendants George Brauchler and Mitchell Morrissey. Instead, he has named them as defendants "to request that [they] file the criminal charges outlined in this lawsuit." The plaintiff must state a proper cause of action against each named defendant; he may not name a defendant merely to advance a personal agenda.

Despite 749 paragraphs of allegations, the plaintiff does not clearly state his claims; the legal bases for his claims; the actions or inactions of each defendant; and how those actions or inactions violate the law. The Complaint utterly fails to provide notice of the plaintiff's causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiff shall tender a proposed amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The proposed amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The defendants shall be clearly identified. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. The proposed amended complaint shall not contain argument, conclusory allegations, irrelevant or immaterial statements, or *ad hominem* attacks against the defendants or others.

In addition, I warned Mr. McNamara that failure to comply with my order could result in a recommendation that this action be dismissed. *Order issued May 8, 2013* [Doc. #7].

Mr. McNamara tendered a proposed amended complaint on June 5, 2013 [Doc. #19]. The proposed amended complaint also failed to comply with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and my order.  It was not submitted on the court's form; it did not contain a statement of the grounds for the court's jurisdiction; it is 132 pages in length; the background statement is 29 pages in length; and the claims range from 2 to 45 pages in length. Like the initial Complaint, the proposed amended complaint is verbose and contains inappropriate legal and factual arguments, conclusory allegations of wrongdoing, irrelevant and immaterial statements, and *ad hominem* attacks against the defendants and others.

In addition, despite of my warning that Mr. McNamara may not name a defendant merely to advance a personal agenda, Claim Three of the proposed amended complaint is titled "Request That Defendants Hooper, Mendez/Gonzalez and Casper Be Prosecuted by Defendant Morrisey . . . And That Hooper, Mendez, Opfer and Bowling Also Be Prosecuted by Defendants Brauchler and Morrisey for Conspiring to Issue a False Certificate."  Claim Four is titled "Request That Former District Attorney Carol Chambers and Defendants Opfer Be Investigated/prosecuted by Defendant Brauchler or a Special Persecutor for Intimidating a Witness or Victim."  Claim Five is titled "Request That Deputy D.A. Christopher Opfer Be Prosecuted for First Degree Official Misconduct."  Claim Seven is titled "Claim Against Defendant George Brauchler to Request Criminal Investigation Of, and Prosecution Of, Richard Caschette, Monica Jo Gomez, Sue Hong, and Irma Calzada for Violation of C.R.S. § 10-3-111."

Consequently, I rejected the proposed amended complaint and ordered Mr. McNamara to show cause on or before June 26, 2013, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to comply with the Federal Rules of Civil Procedure, the local

3

rules of this court, and my order regarding the filing of an amended complaint.  I warned Mr.

McNamara that failure to show cause on or before June 26, 2013, would result in my

recommendation that this case be dismissed with prejudice.  Mr. McNamara did not respond to

my show cause order.

The plaintiff's failure to show cause why his case should not be dismissed justifies

dismissal of his case under D.C.COLO.LCivR 41.1.  Before imposing dismissal as a sanction,

however, a district court must evaluate appropriate factors, including the following:

> (1) the degree of actual prejudice to the [other party]; (2) the
> amount of interference with the judicial process; (3) the culpability
> of the litigant; (4) whether the court warned the party in advance
> that dismissal of the action would be a likely sanction for
> noncompliance; and (5) the efficacy of lesser sanctions.  Only
> when the aggravating factors outweigh the judicial system's strong
> predisposition to resolve cases on their merits is dismissal an
> appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations

omitted).  The circuit court also acknowledged in Ehrenhaus that "dismissal represents an

extreme sanction appropriate only in cases of willful misconduct."  Id. at 920.

It appears from the record that the defendants have not been served with process and,

therefore, have suffered no prejudice from Mr. McNamara's behavior.  However, Mr.

McNamara's behavior has caused disruption to the judicial process.  Instead of attending to the

merits of this case and others, I have been required to devote attention to this plaintiff's failure to

comply with court orders, the local rules of this court, and the Federal Rules of Civil Procedure.

In addition, the plaintiff's behavior demonstrates a lack of respect for the judicial process and the

law.  Where, as here, a party flaunts the court's orders and rules, the fundamental mechanism by

which justice is administered is harmed.

4

With regard to the issue of culpability, the plaintiff alone is responsible for failing to submit a proper complaint. The plaintiff has had ample warning that his case would be dismissed for noncompliance with the local rules, the Federal Rules of Procedure, and orders of this court.

I find that a sanction less than dismissal with prejudice would not be effective. The plaintiff has willfully disregarded orders and rules of the court.

In summary, I find that under the specific facts of this case, the aggravating factors of the plaintiff's repeated failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and orders of this court, outweigh the judicial system's strong predisposition to resolve cases on the merits.

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for the plaintiff's failure to comply with the Federal Rules of Civil Procedure, the local rules of the court, and my orders.[2]

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge