FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 JUN 26  PM 4: 55

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1117

JOHN McNAMARA,

    Plaintiff,

v.

GEORGE BRAUCHLER, CHRISTOPHER OPFER, SUE HONG, C. STEPHEN HOOPER, FRANCINE GONZALEZ, TONI CASPER, MITCHELL MORRISEY, JOHN GLEASON, WILLIAM ROBERT LUCERO, MICHAEL BENDER, APRIL McMURREY, MONICA GOMEZ and LAWRENCE BOWLING,

    Defendants.

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

COMES NOW the Plaintiff/Petitioner, John McNamara, pro se, to make the following Response to the Court's Show Cause Order as follows:

1. Plaintiff filed the present lawsuit on April 25, 2013.

2. None of the Defendant's have been served as of the date this Motion is filed with the United States District Court.

3. The present case is a multi-claim case seeking relief against multiple Colorado state employees pursuant to 42 U.S.C. β1983 for violations of the United States Constitution and United States Supreme Court case law decisions regarding disclosure of information to a defendant in a criminal case and providing information

regarding the subject of a government hearing and notice and hearing to a citizen in state administrative cases concerning driver's licenses and professional licenses. The United States District Court has jurisdiction over such claims pursuant to 28 U.S.C. β1343(a).

4. At the state time, based on state tort claims and state statutory claims for requesting criminal prosecution arising out of the same sequences of events, Plaintiff John McNamara has also asked the United States District court to handle pendant state claims pursuant to 28 U.S.C. β 1367(a). Handling pendant state law claims in this case serves judicial economy, in not having multiple cases going on in multiple courts regarding the same series of events.

5. Magistrate Boyd Boland has been assigned to this case to conduct a scheduling conference and possible settlement negotiations. (Record, Order 5/7 /13).

6. Magistrate Boyd Boland has decided, in addition to the tasks assigned by Chief Judge Krieger, to review the Complaint filed in this case for compliance with Fed.R.Civ.P. 8.

7. Fed.R.Civ.P. 8 contains several parts.

8. Fed.R.Civ.P. 8(e) provides that Rule 8 "[p]leadings must be construed so as to do justice."

9. Fed.R.Civ.P. 8(d)(1) provides that "no technical form is required" with respect to making claims.

10. Fed.r.Civ.P. 8(d)(3) provides that " a party may state as many separate claims or defenses as it has".

11. The United States Supreme Court has written about Fed.R.Civ.P. 8 in <u>Ashcroft v. Iqbal</u>, 506 U.S.  , 129 S.Ct. 1937 (2009). In the <u>Iqbal</u> decision, the United States Supreme Court wrote:

> the pleading standard Rule 8 announces does not require 'detailed factual allegations', but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations. (citations omitted). A pleading that offers 'labels and conclusions' or "a formulaic recitation of the elements of a cause of action will not do. (citations omitted). Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement. (citations omitted).
> 
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." (citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (citations omitted). The plausibility standard is not akin to a "probability requirement", but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .
> 
> . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code pleading regime of a prior era. . . . When there are well-pleaded factual allegations , a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

12. On May 8, 2013, before any of the parties were served in this case, Magistrate Boland, on his own initiative, issued an order that John McNamara 1) needed to file an amended complaint in the present case; 2) that the amended complaint had to be hand-written on a United States District Court Complaint form; 3) that the back ground facts supporting the amended complaint could be no longer than one double

spaced typed page; 4) and that each claim could be no longer than two double-spaced type written pages; and that John McNamara not engage in "ad hominem" attacks in the amended complaint.

13. Magistrate Boland's May 8, 2013 Order appears to conflict with what a higher court, the United States Supreme Court, so recently wrote in 2009 in Iqbal, and what Fed.R.Civ.P. 8(d)(1)&(3)&(e) provide. By limiting John McNamara's factual statement in his 42 U.S.C. β1983 lawsuit to one double page, Magistrate Boland's May 8 order conflicts with the United States Supreme Court's statement that "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code pleading regime of a prior era." Id. In fact, Magistrate Boland appears to be returning to "a hyper-technical, code pleading regime of a prior era." Just listing the parties in this case, and who they are, takes two double spaced pages.

14. John McNamara had planned to amend the original Complaint filed in this case. When Magistrate Boland filed his May 8 Order requiring John McNamara to file an amended complaint and providing a deadline to do so, during which time John McNamara was taken into custody, John McNamara had to quickly file an Amended Complaint, while not knowing whether Magistrate Boland would issue the requested extension of time, and file a motion requesting relief from Magistrate Boland's extremely short page limits in which to describe a plausible claim. John McNamara previously cited the Iqbil, decision in his Motion for Relief from Order, but Magistrate Boland did not address it in his Show Cause Order.

15. Magistrate Boland's primary complaints with the Amended Complaint are 1) that it is not handwritten on a federal court form; 2) that it does not contain a statement of the grounds for the court's jurisdiction; and 3) it is verbose and advances a personal agenda.

16. In 22 years of practicing law, John McNamara has never seen a judicial officer threaten to dismiss a case because it wasn't hand-written on a government form, particularly when the neatly typewritten complaint pleading complies with the court's typewritten pleading rules at D.C.Colo.L.Civ.R. 10.1.

17. The Amended Complaint does contain a statement of the United States Code section supporting the Court's jurisdiction at the beginning of each claim.

18. In reviewing John McNamara's 'pro se pleadings" Magistrate Boland is relying on D.C.Colo.L.Civ.R. 8.1 (C), a rule created for lay people, without any legal education, representing themselves who have not prepaid filing fees for the lawsuit. In the present case John McNamara is representing himself, Magistrate Boland has identified John McNamara as an attorney, but John McNamara did pre-pay the filing fee in this case. Magistrate Boland has not requested additional facts or documentary evidence to support the Amended Complaint- just the opposite, Magistrate Boland wants less facts and more formulaic conclusory allegations to make the complaint less "verbose" and easier to dismiss. Both Magistrate Boland's May 8 Order and his Show Cause Order conflict with the provisions of Fed. R.Civ.P. 8, D.C.Colo.L.Civ.R 8.1(C) and the United States Supreme Court's decision in <u>Iqbil</u>. When such a conflict exists, a party has to follow what the Supreme Court has written in the Federal Rules and the Supreme Court's decisions.

19. In the present case, Plaintiff John McNamara is requesting the district attorneys to file criminal charges against at least nine different people. The reason Magistrate Boland has stricken the Amended Complaint appears to be that Magistrate Boland is trying to shield state court judges from criminal investigation of their behavior. This may either be a favor to state court judges, some of whom may be acquaintances or friends; or it may be a return favor for the Colorado Supreme Court from the United States District Court for the District of Colorado for refusing to investigate or punish attorney ethics violations by former Chief Judge Edward Nottingham. Two of the judges that John McNamara has asked state prosecutors to prosecute are former assistant United States Attorneys (federal prosecutors) William Robert Lucero and Richard Brewster Caschette. When Magistrate Boland writes that John McNamara is trying to "advance a personal agenda", every victim or a crime who reports a crime is advancing a personal agenda in the hope of receiving protection from further criminal activity. Similarly, any party who files a civil lawsuit for monetary damages is also trying to advance a personal agenda to obtain recompense for an injury. There is nothing wrong with a victim of criminal activity wanting to a report a crime.

20. The internet website, "The Robing Room" contains anonymous feedback from lawyers and parties to lawsuits about different federal judges and magistrates. Boyd Boland received several reviews of his performance, and the most frequent criticisms of the Magistrate's performance were that he was too lenient on civil lawsuit defense attorneys who delayed in providing requested discovery and/or misrepresented facts to the Court, and that the Magistrate required a lot of proof from plaintiffs to support

their allegations. These criticisms were made by six separate anonymous sources out of fourteen reviews between the years 2006 to 2012, before this lawsuit was filed.

21. Plaintiff John McNamara wants to cooperate with the spirit of the magistrate's Order as much as possible, by putting the Defendants on notice as to what actions are being complained of. However, the necessary detail will conflict with the court's very restrictive page limitations on background information and elements of each claim. Few Holme, Roberts & Owen lawsuits would fit within those narrow restrictions and this is not a pro se inmate lawsuit making one claim for more applesauce at dinner.

22. By creating such restrictive limitations, which are not found anywhere in the Federal Rules of Civil Procedure, or the local rules, the magistrate appears to want to set this case up for multiple, simultaneous motions to dismiss from multiple defendants for failure to state a claim. Boyd Boland certainly knows that state defendants in civil rights lawsuits nearly always file a motion to dismiss for some sort of failure to state a claim. That may get this case off the court's docket quickly and avoid uncomfortable controversy for the Magistrate and defendants represented by government insurers, but it won't be serving justice and eliminating the problems complained of for people who aren't wealthy and powerful. It will be sending the message that certain citizens are above the law in Colorado.

23. John McNamara respectfully requests the Court to review his second Amended Complaint filed on or about June 27, 2013, find that it satisfies, Fed.R.Civ.P. 8 and the Iqbil decision, and respectfully, step aside and allow the parties to litigate the present case and the Court act as a neutral interpreter of the law, rather than an advocate for defendants, telling Plaintiff to take actions that will jeopardize his case.

Respectfully submitted this  26th day of June, 2013,

John McNamara
P.O. Box 100273
Denver, CO  80250