**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-01117-MSK-BNB**

**JOHN MCNAMARA,**

    **Plaintiff,**

**v.**

**GEORGE BRAUCHLER;
CHRISTOPHER OPFER;
FRANCINE GONZALEZ;
MITCHELL MORRISEY;
C. STEPHEN HOOPER;
JOHN GLEASON;
WILLIAM ROBERT LUCERO;
APRIL MCMURREY;
MONICA GOMEZ; and
LAWRENCE BOWLING,**

    **Defendants.**

_____

**OPINION AND ORDER OVERRULING OBJECTIONS AND
DISMISSING CLAIMS**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Objections **(# 23)** to the Magistrate Judge's June 27, 2013 Recommendation **(# 21)** that Mr. McNamara's Complaint be dismissed with prejudice.[1]

Mr. McNamara – who is an attorney, but who proceeds *pro se* in this action[2] – commenced this case in April 2013 by filing a 169-page Complaint **(# 1)**. Roughly the first

---

[1] A number of additional motions are pending, including motions by Mr. McNamara to "disqualify" the Magistrate Judge, motions by Mr. McNamara seeking default judgments against various Defendants, and a motion to dismiss by a Defendant named in Mr. McNamara's proposed Amended Complaint. Because of the disposition of the matter as set forth herein, it is not necessary for the Court to address these additional motions.

third of that pleading is devoted to accusations that judges at every level of the state court system have allied with local district attorneys and other state agents to obstruct the ability of litigants (such as those Mr. McNamara represents) who sue state actors to obtain discoverable material. (Mr. McNamara frequently references cases in which his clients have been the victim of such conduct; the Court notes that the latest instance specifically identified by Mr. McNamara was in 2009.)

The second portion of Mr. McNamara's Complaint (page 58 to page 100), relates a variety of complaints that Mr. McNamara has about the prosecution and adjudication of one or more traffic tickets that were issued to him in or about 2009.

Beginning at about page 100 of the Complaint, Mr. McNamara discusses what he views as flaws in the "handling judicial errors and mistakes," then he segues into a lengthy attack on the state bar's Attorney Regulation Committee and a contention that he is/has being improperly investigated and/or prosecuted by that committee.

The Complaint nominally identifies two causes of action: (i) a § 1983 procedural due process claim, apparently related to an adjudication of a traffic ticket against Mr. McNamara that resulted in the suspension of his driver's license; and (ii) an claim of unclear provenance (perhaps sounding in the tort of outrageous conduct) regarding the prosecution of Mr. McNamara before the Attorney Regulation Committee.

On May 8, 2013, the Magistrate Judge *sua sponte* struck (**# 7**) Mr. McNamara's Complaint, finding it in violation of Fed. R. Civ. P. 8's "short and plain statement" requirement, its failure to adequately identify the claims being asserted, and Mr. McNamara's failure to use

---

[2]   Although *pro se* litigants are typically entitled to liberal construction of their pleadings, the Court does not grant such courtesy to *pro se* litigants who are licensed attorneys. *Mann v. Boatright*, 477 F.3d 1140, 1148 n. 4 (10th Cir. 2007).

the form pleadings required of *pro se* litigants under D.C. Colo. L. Civ. R. 8.1(A), among other things. The Magistrate Judge gave Mr. McNamara until May 28, 2013 to tender a proposed Amended Complaint meeting the following requirements:

> The proposed amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The defendants shall be clearly identified. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. The proposed amended complaint shall not contain argument, conclusory allegations, irrelevant or immaterial statements, or *ad hominem* attacks against the defendants or others.

After obtaining an extension of time to submit this pleading, on June 5, 2013, Mr. McNamara filed a proposed Amended Complaint **(# 19)**. Although slightly slimmer in volume (the Amended Complaint was now only 132 pages and 563 numbered paragraphs, reduced from 169 pages and 749 paragraphs), it had grown broader in other respects (naming 14 Defendants in the caption instead of the original 10). It also swelled to nine enumerated claims, including several "claims" that were simply demands that specific Defendants "be prosecuted" by other Defendant District Attorneys for various alleged crimes, and a "claim" requesting "that all spousal support paid [by Mr. McNamara] in [a case in Arapahoe County] be counted as child support,".

On June 12, 2013, the Magistrate Judge issued an Order to Show Cause **(# 20)**, finding that Mr. McNamara's proposed Amended Complaint failed to cure the defects previously cited and failed to comply with the instructions that the Magistrate Judge had previously given. The Magistrate Judge directed Mr. McNamara to show cause "why this case should not be dismissed

pursuant to D.C. Colo. L. Civ. R. 41.1 for failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and my order regarding the filing of an amended complaint." Mr. McNamara filed a response **(# 22)**, arguing that the page limits imposed by the Magistrate Judge were insufficient to permit him to fully present his claims (which he characterizes as "requesting the district attorneys to file criminal charges against at least nine different people") without running afoul of the prohibition on conclusory allegations articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). (This response, like other filings devolves into various personal attacks on the Magistrate Judge and others.)

The following day, the Magistrate Judge issued a Recommendation **(# 23)** that Mr. McNamara's claims be dismissed with prejudice for failure to comply with the Federal Rules of Civil Procedure, the Court's local rules, and the Magistrate Judge's orders. Notably, the Recommendation finds that "Mc. McNamara did not respond to my show cause order."

Mr. McNamara filed timely Objections **(# 23)**. Those Objections incorporate, nearly verbatim, Mr. McNamara's response to the Order to Show Cause, and add allegations of bias on the part of the Magistrate Judge, a suggestion that the matter should be reassigned to an out-of-state judge, and other irrelevant material.[3]

The Court reviews the objected-to portions of a Magistrate Judge's recommendation *de novo*. Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1). However, 28 U.S.C. § 636(b)(1) requires "<u>specific</u> written objection[s]," and a mere generalized objection to the recommendation and a simple wholesale repetition of the same arguments presented to the Magistrate Judge is

---

[3] At the same time he filed his Objections, Mr. McNamara filed another proposed Amended Complaint **(# 24)**, this time using the first page of the form the Court requires *pro se* parties to use. The remainder of that filing, however, consists of 11 claims set forth in 676 factual allegations spread over 159 pages – nearly the same length as the original Complaint rejected by the Magistrate Judge.

insufficient to satisfy this requirement. *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1059-61 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review").

Here, Mr. McNamara's "objections" are little more than repetition of his response to the Magistrate Judge's Order to Show Cause, with the addition of *ad hominem* attacks against the Magistrate Judge. Only paragraph 30 of Mr. McNamara's Objections actually responds to any findings made by the Magistrate Judge, and that paragraph merely states that the Magistrate Judge "failed to address [Mr. McNamara's] arguments regarding Rule 8 and the *Iqbal* decision…" Thus, the Court has some doubt that Mr. McNamara's Objections are sufficiently identify any specific issues regarding the Recommendation for this Court to consider.

Assuming the Objections to be sufficiently specific, and evaluating the Recommendation *de novo* under Rule 72(b), however, the Court reaches the same conclusion as did the Magistrate Judge, for essentially the same reasons. First, the Court agrees with Mr. McNamara that Local Rule 8.1(A)'s requirement that *pro se* litigants use Court-approved forms for filing pleadings reflects an intention to ensure that lay litigants receive adequate guidance in presenting all necessary information to state a claim and demand relief (rather than, for example, the Court simply treating correspondence from a putative *pro se* litigant as a pleading). The purposes served by that rule are not implicated here because the *pro se* litigant is trained in the law and, presumably, familiar with pleading requirements and the necessary components of a Complaint. Thus, had Mr. McNamara's failure to comply with Local Rule 8.1(A) the sole or primary basis

for the Magistrate Judge's Recommendation, the Court would not be inclined to adopt that Recommendation.

The deference accorded Mr. McNamara due to his legal training and experience comes with an expectation that he will present only cognizable claims over which this Court has jurisdiction, and that he will do so in a concise manner. The Court agrees with the Magistrate Judge that both the original Complaint and proposed Amended Complaint are prolix, unfocused and fail to cabin Mr. McNamara's grievances into legal or equitable "claims" upon which this Court could grant relief. The sheer volume of Mr. McNamara's verbiage runs afoul of Fed. R. Civ. P. 8(a)(2)'s requirement that a Complaint consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." The justification for requiring only a "short and plain statement" of the relevant facts is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," without requiring the Court or the defendants "to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action." *Schupper v. Edie*, 193 Fed.Appx. 744, 745-46 (10th Cir. 2006) (unpublished) (affirming dismissal of 38-page complaint, containing 292 paragraphs, plus 120 pages of exhibits as unnecessarily prolix).

Mr. McNamara's pleadings exemplify the type of "lengthy, poorly-drafted" filings that Rule 8 prohibits. His digressions about his past experiences representing clients against state actors, his minutely-detailed recitation of the details of his traffic cases, and his generalized allegations of conspiracies and concerted actions among various individuals merely add distracting and irrelevant detail to matters that could be stated far more succinctly, yet would force the Defendants to carefully comb through more than a hundred pages to ascertain which of the several hundred paragraphs contain pertinent allegations to which a response is warranted.

6

Rule 8 requires a narrow and specific statement of facts and claims; it does not permit a plaintiff to file a lengthy manifesto and expect the Court and the Defendants to unravel it.  Thus, given the sheer length and irrelevant prolixity of Mr. McNamara's original and proposed amended filings, the Court agrees with the Magistrate Judge that dismissal under Rule 8 is appropriate.

The Court also agrees with the Magistrate Judge's finding that Mr. McNamara failed to o adequately comply with the May 28, 2013 Order.  Reasonable minds may differ as to whether the express restrictions dictated by the Magistrate Judge – a background statement not to exceed one double-spaced typewritten page and statements of claims not to exceed two double-spaced typewritten pages each – are sufficient to capture the amount of factual detail and explanation necessary to adequately state a claim, but no reasonable person would consider Mr. McNamara's 132-page response to reflect a good-faith effort to comply with the Magistrate Judge's directive to narrow and focus his allegations into a document of manageable size.  Although Mr. McNamara's proposed Amended Complaint is slightly trimmer than its predecessor, it nevertheless retains so much unnecessary heft that a reasonable person could only view it as a deliberate repudiation of the Magistrate Judge's instructions.  Thus, the Court agrees with the Magistrate Judge that sanctions pursuant to Local Rule 41.1 were warranted both for the failure to comply with the Rules of Civil Procedure as well as the failure to comply (or at least demonstrate a good-faith attempt to comply) with the Magistrate Judge's Order.

This Court further finds that its own balancing of the *Ehrenhaus* factors yields the same conclusion as that reached by the Magistrate Judge: that Mr. McNamara's filings work a prejudice to the judicial system as well as to the Defendants, that Mr. McNamara is entirely culpable for his failure to comply with rules and orders, and that no sanction short of dismissal

can be effective here (as exemplified by Mr. McNamara's most recent proposed pleading ballooning back up to nearly the size of the original Complaint).

Mr. McNamara's arguments that over a hundred pages are necessary to state a claim that could survive under the pleading standards discussed in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009), are without merit. *Iqbal* merely requires a pleader to set forth something more than "mere conclusory statements," but it does not open the floodgates to a pleading containing whatever redundant, irrelevant, or excessive material the pleader chooses to add; indeed, *Iqbal* repeatedly recognizes Rule 8's "short and plain statement" requirement and the fact that Rule 8 "does not require detailed factual allegations." *Id.* at 677-78, 686-87. Mr. McNamara is not presented with a situation where being given anything less than 130+ pages in which to set forth his allegations will force him to utter "mere conclusory statements" in support of his claims. Moreover, he has had several opportunities to trim his presentation. Rather than doing so, Mr. McNamara persists in using pleadings in this matter as a soapbox to air his grievances and thoughts about a variety of topics, regardless of their relation to colorable causes of action.

Accordingly, the Court **OVERRULES** Mr. McNamara's Objections **(# 23)** and **ADOPTS** the Magistrate Judge's Recommendation **(# 21)** that Mr. McNamara's claims be dismissed with prejudice. Mr. McNamara's claims in this action are **DISMISSED** with prejudice, and the Clerk of the Court shall close this case.

Dated this 19th day of November, 2013.

                                                             **BY THE COURT:**

                                         Marcia S. Krieger
                                         Chief United States District Judge